UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

7GROUP, LLC,

    Plaintiff,

v.                                              Case No.:  2:23-cv-432-JLB-KCD

MT. HAWLEY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Mt. Hawley Insurance Company's Motion to Transfer Venue. (Doc. 12.) Plaintiff 7Group, LLC has not responded and the time to do so expired. Thus, the Court treats the motion as unopposed. *See* Local Rule 3.01(c). For the reasons below, Mt. Hawley's motion is granted.

This is an insurance dispute stemming from damages caused by Hurricane Ian to an apartment complex in Cape Coral, Florida. The operative complaint alleges that Mt. Hawley failed to acknowledge coverage for the loss and failed to pay the full insurance proceeds due. (Doc. 8.)

At issue now is whether the case should proceed in Florida or New York. When 7Group purchased the insurance policy, it signed a contract with a forum-selection clause:

### SERVICE OF SUIT AND COMMERCIAL PROPERTY CONDITIONS ENDORSEMENT

This Policy is amended to add the following additional **Commercial Property Conditions**:

**AA. Jurisdiction and Venue**. It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, any named Insured, any additional insured, an any beneficiary hereunder shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all of the requirements necessary to give such court jurisdiction. Any litigation commenced by any named Insured, and any additional insured, and any beneficiary hereunder against the Company **shall be initiated in New York**. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

**BB. Choice of Law**. All matters arising hereunder including questions relating to the validity, interpretation, performance, and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

(Doc. 12-1 at RIL 099 (05/19), Page 1 of 1 (emphasis in original)). To enforce this forum selection clause, Mt. Hawley seeks to transfer this case to the United States District Court for the Southern District of New York under 28 U.S.C. § 1404(a).[1]

Other judges in the Middle District of Florida (along with federal courts across the country) have enforced similar New York forum selection clauses contained in Mt. Hawley's insurance policies, concluding they are both

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

mandatory and enforceable. (Doc. 12 (citing *Murray Hill Presbyterian Church v. Mt. Hawley Ins. Co.*, No. 3:21-CV-1077-HES-JBT, 2022 WL 18674594, at *2 (M.D. Fla. May 12, 2022); *La Teresita, Inc. v. Mt. Hawley Ins. Co.*, No. 8:22-CV-1046-CEH-SPF, 2022 WL 1805139, at *2 (M.D. Fla. June 2, 2022); *Oasis Beauty Supply, Inc. v. Mt. Hawley Ins. Co.*, No. 3:22-cv-6029-MCR-ZCB, DE 10 (N.D. Fla. June 6, 2022).)

The plaintiff, by suing, generally dictates where a case will proceed. "A plaintiff's choice of forum is entitled to deference, and there is a presumption in favor of a plaintiff's choice[.]" *Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1269 (11th Cir. 2009). But this presumption evaporates "[w]hen the parties have agreed to a valid forum-selection clause." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). In such circumstances, "the plaintiff's choice of forum merits no weight" and "a district court should ordinarily transfer the case to the [designated] forum." *Id.* at 62-63.

Forum-selection clauses are creatures of contract. Given the presence of consent, a court presented with a mandatory[2] forum-selection clause must

---

[2] The Eleventh Circuit characterizes "forum-selection clauses as either permissive or mandatory." *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011). A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, by contrast, "dictates an exclusive forum for litigation under the contract." *Id.* Only the latter is enforceable. *Fla. Polk Cnty. v. Prison Health Servs., Inc.*, 170 F.3d 1081, 1083 n.8 (11th Cir. 1999). The plain language of the forum-

3

ensure it is valid, enforceable, and covers the dispute at hand. *See, e.g.*, *HNA LH OD, LLC v. Loc. House Int'l, Inc.*, No. 21-CV-21022, 2021 WL 4459404, at *5 (S.D. Fla. Sept. 29, 2021). Without "extraordinary circumstances" a forum-selection should be enforced. *Atl. Marine*, 571 U.S. at 62. "[T]he practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 64. "Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a strong showing that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009).

The Court sees no reason to break step here with the approach taken in the cases Mt. Hawley cites, particularly since 7Group has not opposed the transfer, nor challenged the forum selection clause's validity. The language is unambiguous; thus, transfer is appropriate here. *See Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004); *Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1230 (2020) ("Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement."). Upon review of the mandatory forum selection clause and consideration of the arguments and authority in Mt. Hawley's motion, which 7Group has not opposed, the Court finds transfer to New York is warranted.

---

selection clause here indicates it is mandatory, and 7Group has not presented any argument otherwise.

4

Accordingly, it is now **ORDERED**:

1. Defendant's Motion to Transfer Venue (Doc. 12) is **GRANTED**.

2. If no objections to this Order are filed within the time allotted under Fed. R. Civ. P. 72, the Clerk is directed to transfer this case to the United States District Court for the Southern District of New York and close the file.

3. If objections are timely filed, the Clerk is directed to hold disposition until so ordered by the District Judge.

**ENTERED** in Fort Myers, Florida this July 7, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record